UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MOZELL PARKER, III,

Plaintiff,

v. Case No. 26-cv-832-pp

MILWAUKEE COMMUNITY
REINTEGRATION CENTER, *et al.*,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 5) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Mozell Parker, III, who is incarcerated at New Lisbon Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that he became ill after eating a meal at the Milwaukee County Community Reintegration Center on April 23, 2025. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 5, and screens his complaint, dkt. no. 1.

## I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 5)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1).

He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 15, 2026, the court ordered the plaintiff to pay an initial partial filing fee of $11.45. Dkt. No. 9. The court received that fee on July 8, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Complaint

### A. Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts,

accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff has filed a two-page complaint; the plaintiff did not use this court's official form and his complaint does not contain a caption. Dkt. No. 1. He alleges that at 5:00 p.m. on April 23, 2025, while confined at the Milwaukee County Community Reintegration Center (the Center), "every inmate w[as] fed spoiled food." Id. at 1. He asserts that every incarcerated person, including himself, became "seriously ill" after consuming the spoiled food. Id. The plaintiff states that Trinity Food Supply, Inc., was the food supplier. Id.

The plaintiff alleges that Fox 6 News came to the Center to investigate after Ms. Evans, a correctional officer, reported the issue. Id. Nurses and jail doctors allegedly failed to treat the "core food poisoning problem[.]" Id. The plaintiff asserts that staff tried to cover up the problem by attempting to give incarcerated individuals incentives to keep them quiet while Fox 6 News was there. Id.

The plaintiff states that he seeks damages from Trinity Food Supply, Inc., for serving spoiled food that resulted in food poisoning and ongoing medical problems. Id. For relief, he asks for $35,000 for pain and long-term suffering due to continued diarrhea during the incident. Id. at 2. He says that he no longer uses the restroom the same and the damage is permanent. Id.

C. Analysis

The plaintiff states that he seeks damages from Trinity Food Supply for serving spoiled food. He also states that jail staff failed to treat the "core food poisoning problem[,]" but it is not clear what this means. It is hard to tell whether the plaintiff is suing any defendant other than Trinity because the complaint does not contain a caption naming all the parties as required by Federal Rule of Civil Procedure 10(a).

"'A single instance of contaminated food is insufficient to state a claim of deliberate indifference.'" Johnson v. Schults, Case No. 24-cv-1468, 2025 WL 1381625, at *2 (E.D. Wis. May 13, 2025) (quoting Morris v. Buege, Case No. 23-cv-11, 2023 WL 2465882, at *4 (E.D. Wis. Mar. 10, 2023); and citing Franklin v. True, 76 F.3d 381 (7th Cir. 1996) (unpublished)); see also Eines v.

Maynard, Case No. 21-CV-00354, 2023 WL 6158834, at *5 (S.D. Ind. Sept. 21, 2023) (citing cases for the proposition that "a single instance of unintentional food poisoning will never give rise to an Eighth Amendment violation"); Becerra v. Kramer, Case No. 16-C-408, 2017 WL 85447, at *5 (N.D. Ill. Jan. 10, 2017) ("[A] single, isolated incident of food poisoning, even if suffered by many prisoners at an institution, does not rise to the level of a constitutional violation.").

The situation is different if the plaintiff alleges "'that prison officials knew of a pattern of inmates being injured by bad food and did not[hing] to remedy the problem.'" Morris, 2023 WL 2465882, at *4 (quoting Olrich v. Kenosha County, Case No. 18-cv-1980, 2020 WL 1169959, at *3 (E.D. Wis. Mar. 11, 2020); and citing Green v. Beth, 663 F. App'x 471, 472 (7th Cir. 2016)). But the plaintiff has not alleged a pattern of contaminated food or of detainees complaining about repeat instances of foreign objects in their food. He alleges that on one occasion, he and other incarcerated individuals consumed spoiled food at the Center and became ill. This allegation does not state a claim under the Eighth or Fourteenth Amendment. See Thomas v. Brown C'nty Jail, Case No. 25-cv-1012-pp, 2025 WL 2439116, at *2 (E.D. Wis. Aug. 25, 2025).

The court will give the plaintiff an opportunity to file an amended complaint. The court is enclosing a copy of its amended complaint form. If the plaintiff chooses to file an amended complaint, he must use this form. See Civil Local Rule 9(b) (E.D. Wis.). The plaintiff must list the case number for this case on the first page. *He must list all the defendants he wants to sue in the caption*

*of the amended complaint.* He should use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If there is not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them. The amended complaint takes the place of the prior complaint and must be complete in itself; the plaintiff may not refer the court or other readers back to facts in the previous complaint.

When writing his amended complaint, the plaintiff should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4) When did each person violate his rights? The amended complaint does not need to be long or contain legal language or citations to statutes or cases, but it does need to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 5.

The court **CONCLUDES** that the plaintiff's complaint fails to state a claim. Dkt. No 1.

The court **ORDERS** that the plaintiff may file an amended complaint that complies with the instructions in this order. If the plaintiff chooses to file an

amended complaint, he must do so in time for the court to receive it by the end of the day on **October 9, 2026**. If the court receives an amended complaint by October 9, 2026, the court will screen the amended complaint as required by 28 U.S.C. §1915A. If the court does not receive either an amended complaint or a request for more time to file one by the end of the day on October 9, 2026, the court will dismiss this case based on the plaintiff's failure to state a claim in his original complaint and will issue him a "strike" as required by 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$338.55** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at New Lisbon Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

With this order the court will include a guide prepared by court staff to address common questions that arise in cases filed by incarcerated individuals.

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 16th day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**